[No. 17060.  Department One.  September 20, 1922.]

MAUD B. STEVENS, *Respondent*, v. A. M. KIEF *et al.,*
*Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS.  Findings upon a decided and
positive conflict in the evidence of witnesses appearing before the
trial judge will be sustained where the supreme court is satisfied
as to their correctness.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered August 1, 1921,
upon findings in favor of the plaintiff, in an action to
quiet title, tried to the court.  Affirmed.

*S. A. Bostwick,* for appellants.

*Coleman & Fogarty,* for respondent.

PER CURIAM.—Plaintiff and defendants owned ad-
joining lands in section 4, township 27, north, range 7
east, W. M.  Plaintiff's property lies south of that
belonging to the defendants.  Plaintiff purchased her
property in 1908, the defendants purchased theirs in
1919.  In 1920, the defendants moved a fence, main-
tained by the plaintiff as marking a part of the east
portion of the north boundary line of her property,
some distance to the south and took possession of the
land thus enclosed.  Thereupon this suit was brought
to try out and quiet the title to the strip in question.
The defense was a claim of title by adverse possession
for more than ten years, continuing down to the year
1914.  Upon the trial of the case, the findings and
judgment were for the plaintiff, from which judgment
the defendants have appealed.

The assignments of error are: (1) refusal of the
court to make findings proposed by the appellants, (2)
making findings favorable to the respondent, (3) over-

[1]Reported in 209 Pac. 527.

ruling a motion for a new trial, and (4) entering judgment for the plaintiff.

There is a decided conflict in much of the most important and controlling testimony. In addition to the abstract of the record, the statement of facts has been read. Manifestly the original settlers on these respective tracts of land were careless, according to primitive methods, in establishing fences, not upon any surveyed line, but irregularly, partly of posts and rails and partly of logs and brush. Some of the witnesses testified that signs of the original fence, built not jointly but by appellants' predecessor in interest, between these properties were still existing, located in a general way approximately along the line of fence built by respondent in 1914 that was moved by the appellants in 1920. Others testified to signs of the old fence, but placed them approximately where appellants have now placed the new fence. Likewise, there is a positive conflict in the evidence as to the existence and locations of slashings, clearings, ditches and pasturing of land of the respective owners or their predecessors and tenants with reference to the boundary line. Out of this confusion and conflict, the trial court made a finding as follows:

"That any possession and occupancy of the strip of land above described and now in the possession and occupancy of defendants as aforesaid, by the grantors and predecessors of defendants, is not established and proven by a fair preponderance of the evidence to have been hostile in its character to any right of plaintiff and her predecessors in title, and is not so proven to have been continuous for the period necessary to establish title in defendants to said strip of land by virtue of adverse possession."

Upon a consideration of all the evidence, in connection with the respect accorded the opinion of the trial

judge, who saw and heard the witnesses, we are satisfied, as was the trial judge, upon the facts.   No distinct argument has been made by appellants upon the alleged error in the denial of their motion for a new trial.

There seems to be no question that the findings and judgment establishing the division line along the way on which was situated the fence moved by appellants in 1920 are correct according to a careful survey made by a competent engineer in September, 1920.

Judgment affirmed.